*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, KISOR, and HARRELL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jaden T. ROHLFS**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202300019 (f rev)**

_____

Decided: 19 May 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary
*upon further review following remand from*
*the United States Court of Appeals for the Armed Forces*

Military Judge:
Nicholas S. Henry

Sentence adjudged 28 September 2022 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 24 months, forfeiture of all pay and allowances, and a dishonorable discharge.

For Appellant:
*Major Joshua P. Keefe, USMC (argued)*
*Lieutenant Jackson M. Beach, JAGC, USN (on brief)*

For Appellee:
*Lieutenant Lan T. Nguyen, JAGC, USN (argued)*
*Lieutenant Commander James P. Wu Zhu, JAGC, USN (on brief)*

Chief Judge DALY delivered the opinion of the Court, in which Senior
Judge KISOR and Judge HARRELL joined.

───────────────

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

───────────────

DALY, Chief Judge:

This case is before us a second time. Appellant was charged with one spec-
ification of involuntary manslaughter, one specification of obstruction of jus-
tice, and one specification of negligent homicide in violation of Articles 119,
131b, and 134, Uniform Code of Military Justice (UCMJ).[1] Appellant entered
mixed pleas, pleading guilty to negligent homicide and not guilty to involun-
tary manslaughter and obstruction of justice. A military judge, sitting alone,
convicted Appellant of negligent homicide and involuntary manslaughter, but
found him not guilty of obstruction of justice.[2]

On appeal, Appellant asserted one assignment of error: whether the evi-
dence is legally and factually sufficient to support his conviction of involuntary
manslaughter. We found no prejudicial error and affirmed.[3]

The United States Court of Appeals for the Armed Forces (CAAF) summar-
ily set aside our decision and returned the record of trial to the Judge Advocate
General of the Navy for remand to us to conduct a new factual sufficiency re-
view consistent with its decision in *United States v. Harvey*[4] and Article 66,

───────────────

[1] 10 U.S.C. §§ 919, 931b, 934.

[2] After findings, the military judge conditionally dismissed Appellant's conviction
for negligent homicide and sentenced Appellant for involuntary manslaughter.

[3] No. 202300019, 2024 CCA LEXIS 296 (N-M. Ct. Crim. App. Jul. 23, 2024) (un-
published), *set aside*, No. 24-0233/MC, __ M.J. __, 2024 CAAF LEXIS 738 (C.A.A.F.
Nov. 20, 2024) (mem.).

[4] 85 M.J. 127 (C.A.A.F. 2024).

UCMJ.[5] Applying the appropriate standard, we again affirm Appellant's conviction for involuntary manslaughter.

After careful consideration of the record and briefs of appellate counsel, and the oral arguments of both counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[6]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[5] 10 U.S.C. § 866.

[6] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.